UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT L. BOLTON,

      *Plaintiff*,

      v.

ROBERT A. SALERNO,

      *Defendant*.

Civil Action No. 25 - 3334 (UNA)

**MEMORANDUM OPINION**

Plaintiff Robert L. Bolton, proceeding pro se, brings this action against Judge Salerno of the District of Columbia Superior Court, alleging that Judge Salerno has deprived him of various constitutional rights while presiding over his pending criminal case. ECF No. 1, at 6.[1] He seeks $7 million in damages. *Id.* at 5. He also has moved for leave to proceed *in forma pauperis*. ECF No. 2. For the following reasons, the court will grant Mr. Bolton's motion for leave to proceed *in forma pauperis* and dismiss the case because Judge Salerno is immune from suit.

The court accepts the following facts from Mr. Bolton's complaint as true. Mr. Bolton has been charged in the Superior Court with a criminal offense, and Judge Salerno ordered that he be held in pretrial detention without a bond. ECF No. 1, at 6. Mr. Bolton contends that his detention is unlawful because he is nonviolent and thus entitled to a reasonable bond, and because no grand jury has returned an indictment against him. *Id.* In Mr. Bolton's view, Judge Salerno's detention

---

[1] The citations to ECF No. 1 refer to the ECF-generated page numbers at the top of each page rather than any internal pagination.

order violates his Fifth Amendment right to due process, Sixth Amendment right to a speedy trial, and Eighth Amendment right to a reasonable bond. *Id.*

Judges are entitled to "absolute judicial immunity from suits for money damages for all actions taken in [their] judicial capacity." *Sindram v. Suda*, 986 F.2d 1459, 1460 (1993) (per curiam). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (quoting *Bradley v. Fisher*, 80 U.S. 335, 337, 13 Wall. 646 (1872)). No judge is "deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Rather, a judge "will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting *Bradley*, 80 U.S. at 351). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11. Accordingly, the court is required to dismiss any case brought by a plaintiff proceeding *in forma pauperis* that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii); *see Coleman v. New Hampshire*, 579 F. App'x 1, 1 (D.C. Cir. 2014) (per curiam).

Here, Mr. Bolton seeks damages against a sitting D.C. Superior Court judge for actions the judge took in his judicial capacity. ECF No. 1, at 6. Mr. Bolton only contests Judge Salerno's pretrial detention order, which the court issued as part of pretrial proceedings in Mr. Bolton's criminal case. *See* D.C. Code § 23-1322 (describing the process by which a judge may order pretrial detention). Judge Salerno "is not liable for any injuries resulting from acts within his

2

jurisdiction, and jurisdiction is construed broadly so that a judge will not be held liable unless he acts without color of authority." *Clark v. Taylor*, 627 F.2d 284, 288 (D.C. Cir. 1980) (per curiam) (quoting *Apton v. Wilson*, 506 F.2d 83, 90 (D.C. Cir. 1974)).  And Mr. Bolton does not "dispute the general jurisdiction of the Superior Court over his criminal proceeding."  *Id.* at 288. Accordingly, because Judge Salerno is entitled to absolute immunity from suit, the court will grant Mr. Bolton's *in forma pauperis* application and will the court will dismiss Mr. Bolton's complaint and this civil action.  28 U.S.C. § 1915(e)(2)(B)(iii).  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:   February 18, 2026